IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTOPHER BEAL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:19-CV-155 (WLS-TQL) |
| | : |
| JIMMY MILES, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## **ORDER**

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed on February 7, 2022. (Doc. 287.) Therein, Judge Langstaff denies four of Plaintiff's motions (Docs. 240, 246, 247, 249). (Doc. 287 at 2-4.) Judge Langstaff also recommends that Defendants Emmons, Gibson, Hall, Moody, and Wolters' Motion to Dismiss (Doc. 218) be granted (resulting in the dismissal of Defendant Emmons), that Defendant Wilkerson's Motion to Dismiss (Doc. 219) be granted-in-part and denied-in-part, and that Plaintiff's Motion for a Three-Judge Court (Doc. 216), Motions for Summary Judgment (Docs. 231 & 269), and Motion for Preliminary Injunction (Doc. 232) be denied. (*See* Doc. 287 at 18.) Fourteen days were provided to object to the Recommendation, and Plaintiff filed an Objection that was timely dated and postmarked. (Doc. 289.) Thus, the Court has made a *de novo* determination as to the portions of the Recommendation to which Plaintiff properly objects and has reviewed all other findings for plain error and manifest injustice. *See Taylor v. Pekerol*, 760 F. App'x 647, 654 (11th Cir. 2019); 28 U.S.C. § 636(b); Fed.R.Civ.P. 72; *United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012).

Plaintiff's Objection is lengthy and consists largely of reciting his factual allegations and the nature of the relief sought in this case. (Doc. 289.)[1] However, the Objection is well summarized at its conclusion:

> Plaintiff respectfully pray, wish, that for the reasons stated above, that his summary judgment be denied as moot and/or have the ability to still file summary judgment after the close of discovery; the judge deny the ruling concerning the judges Order and Recommendation concerning Declaratory and injunctive relief, In order to prevent manifest injustice. . .

(Doc. 289 at 13.)[2] Relevant here, Plaintiff argues that he has alleged and shown "a real and immediate threat of future injuries that has continued" and that Defendants "waived their right to challenge the Courts order and Recommendation permitting Plaintiff's claims for declaratory and injunctive relief by failing to object to the order and Recommendation within fourteen (14) days." *Id.* at 10 & 13. Plaintiff's argument is not entirely clear, but the record clarifies that Defendants properly moved for dismissal of Plaintiff's declaratory and injunctive relief claims, and the present Recommendation is to grant the motion on those claims because Plaintiff has not alleged more than "a conclusory allegation of an ongoing violation of his federal rights." (Doc. 287 at 12.) "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Koziara v. City of Casselberry,* 392 F.3d 1302, 1305 (11th Cir. 2004) (A plaintiff seeking injunctive or declaratory relief must show "a 'real and immediate threat' of future injury . . . . [H]e must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.") (citation omitted); *Al Najjar*, 273 F.3d at 1336 ("[A] remote possibility that an event might recur is not

---

[1] Portions of the Objection are also difficult to read.
[2] The Court did not correct for any errors.

2

enough to overcome mootness."). Plaintiff has not alleged any facts that show a real and immediate threat of future injury from the Defendants. Thus, Plaintiff's objection to the dismissal of his declaratory and injunctive relief claims as stated in the Recommendation is **OVERRULED**.

The Court could not determine whether Plaintiff properly stated an objection to the dismissal of his official capacity claims against Defendants Emmons, Gibson, Hall, Moody, Wolters, and Wilkerson, but to the extent he did so object, the objection is **OVERRULED**. The law is well-established that "[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Plaintiff has provided no allegations or legal arguments to warrant a different conclusion here.

Finally, Plaintiff concedes that he filed his summary judgment motions prematurely without the relevant discovery, and he asks that he be allowed to refile a motion for summary judgment after discovery ends. (Doc. 289 at 13.) The Court agrees that is the proper course and has no reason to think that the Recommendation to dismiss Plaintiff's summary judgment motions was with prejudice. Thus, Plaintiff's Objection to the dismissal of his summary judgment motions is **OVERRULED**.

Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 287) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Plaintiff's Objection (Doc. 289) is **OVERRULED**. Defendants Emmons, Gibson, Hall, Moody, and Wolters' Motion to Dismiss Plaintiff's official capacity and declaratory and injunctive relief claims (Doc. 218) is

**GRANTED**. Defendant Emmons, who Plaintiff agrees was sued only in his official capacity, is therefore **DISMISSED** from this case. Defendant Wilkerson's Motion to Dismiss (Doc. 219) is **GRANTED-IN-PART and DENIED-IN-PART**, to the extent that the motion is **DENIED** as to qualified immunity but **GRANTED** on Plaintiff's injunctive relief claims against Wilkerson. Finally, Plaintiff's Motion for a Three-Judge Court (Doc. 216), and Motion for Preliminary Injunction (Doc. 232) are **DENIED**, and Plaintiff's Motions for Summary Judgment (Docs. 231 & 269) are **DENIED WITHOUT PREJUDICE** to Plaintiff's right to file an appropriate dispositive motion after discovery is obtained.

**SO ORDERED**, this 2nd day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**